HAWTHORNE, J., dissents in part with written reasons.

McCALEB, J., dissents in part being in agreement with the views of HAW-THORNE, J.

HAWTHORNE, Justice (dissenting in part).

I think the majority has erred in reversing the conviction of Elbert Wright and Ralph Smith and granting them a new trial.

The remarks of the assistant district attorney had reference *only* to the defendant Ray Lawsen. The defendants Wright and Smith do not allege or contend that the

comment constituted error as to them, evidently because it contained no mention or reference to either of them.

From all the facts and circumstances surrounding the taking of this bill of exception, to me it clearly appears that the bill was taken only for and in behalf of the defendant Lawsen. See former R.S. 15:-501, now C.Cr.P. Art. 842.

205 So.2d 384

### In re METROPOLITAN CRIME COM-MISSION et al.

#### No. 48924.

Dec. 11, 1967.

Rehearing Denied Jan. 15, 1968.

---

Herbert J. Garon, Milton E. Brener, Carl J. Schumacher, Jr., New Orleans, for relators.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., James L. Alcock, Executive Dist. Atty., Richard V. Burnes, Louise Korns, Asst. Dist. Attys., for appellee.

McCALEB, Justice.

We granted a writ of certiorari herein to review a ruling of the Criminal District Court for the Parish of Orleans ordering the Metropolitan Crime Commission of New Orleans, Inc. and four of its officers to produce before the Grand Jury of Orleans Parish all documents, papers, records, books, accounts and information disclosing the names and addresses of the informers of said Crime Commission, and all records disclosing the identity of the paid informers, as well as the amounts paid for the information given. In order that a clear understanding of the case may be had, it is essential to state the facts and events from which the litigation emanates.

Early in September of this year, a news article appeared in a nationwide weekly publication, Life magazine, concerning the existence of organized crime allegedly operated by crime syndicates and vice lords in a number of large cities of the United States. The City of New Orleans was one of those mentioned in this article, which declared that organized crime was flourishing in that community. The Metropolitan Crime Commission of New Orleans,

Inc., one of the applicants herein, acting through its Managing Director, Aaron Kohn, allegedly furnished Life magazine with information as to crime in New Orleans which formed the basis for the magazine article relating to that City.

Prior to and after the publication of the news article, the District Attorney for the Parish of Orleans had repeatedly stated publicly that organized crime did not exist in the City of New Orleans. However, Aaron Kohn took issue with the District Attorney's statements, and for more than a year before the institution of this proceeding a highly publicized disagreement developed between Kohn and the District Attorney relative to the existence or non-existence of organized crime and also the conduct of the District Attorney's office on other matters.

Soon after the publication of the article by Life magazine, or about September 15, 1967, the District Attorney initiated a Grand Jury investigation relative to the existence, if any, of organized crime in the City of New Orleans; and he caused to be summoned fifteen members of the Metropolitan Crime Commission, including Aaron Kohn, to appear before the Parish Grand Jury in connection therewith. Although it is not specifically shown in the record that Kohn or any of the other Crime Commission members actually testified before the Grand Jury, we think it fairly evident from the proceedings that Kohn, and at least some of the others summoned, gave testimony which the Grand Jury found unsatisfactory, and prompted it to request the issuance of the subpoena duces tecum, the legality of which is the subject of our inquiry on review.

On September 26, 1967, the Grand Jury filed in the Criminal District Court a request for the issuance of a subpoena duces tecum commanding E. C. Upton, Jr., President of the Metropolitan Crime Commission, James W. Mills, Jr., its Treasurer, Aaron Kohn, its Managing Director, and Philip L. Frank, Sr., its Secretary, to cause to be brought before the Grand Jury on September 28, 1967, various documents, papers, books, accounts and information (however recorded) belonging to or in the possession of the Commission, more particularly described as follows:

I.

"All documents, papers, records, books, accounts and information (however recorded) which disclose and/or reveal the name and address of any informer of the Metropolitan Crime Commission of New Orleans, Inc., including informers being classified as confidential informers and further all records which disclose the informers who were paid for information supplied to the Metropolitan Crime Commission of New Orleans, Inc., as well as the amount paid to each.

## II.

"All documents, papers, records, books, accounts and information (however recorded) which disclose the names of the members of the Metropolitan Crime Commission of New Orleans, Inc., and of the contributors to the Metropolitan Crime Commission of New Orleans, Inc., as well as all information disclosing the amount of the contributions and the dates thereof.

"and to then and there to show all and singular those things known of the said described documents, papers, records, books, accounts and information (however recorded) all of which is material relevant to matters and issues presently under investigation by the Grand Jury for the Parish of Orleans, State of Louisiana, to-wit: (1) Allegations of special knowledge of information by members, contributors and officers of the Metropolitan Crime Commission of New Orleans, Inc., relative to operations of organized crime in Orleans Parish; and (2) economic competition between the members and/or contributors of the Metropolitan Crime Commission of New Orleans, Inc., and groups or individuals singled out by the Metropolitan Crime Commission of New Orleans, Inc., and (3) conflicts of interest financial or otherwise in members or contributors of the

Metropolitan Crime Commission of New Orleans, Inc., which motivate or compel the members or contributors as well as the officers of and the managing director of the Metropolitan Crime Commission of New Orleans, Inc., to *withhold* information from the Orleans Parish Grand Jury of the alleged operations of organized crime in Orleans Parish."

Upon the showing made, the judge sitting for the presiding judge of Section "A" of the Criminal District Court, who had been designated to receive the returns and findings of the Orleans Parish Grand Jury, ordered four officers of the Commission to produce the various documents requested. On the appointed day the respondents appeared and filed three motions:

1. A motion to recuse the District Judge of Section "A" of the Criminal District Court on the ground of bias and prejudice;

2. A motion to recuse the District Attorney for the same reason; and

3. A motion to quash the subpoena duces tecum.

The motions to recuse the District Judge and the District Attorney were overruled, and the respondents immediately filed applications in this Court for remedial writs for a review of the rulings. Those applications were refused.[1]

---

1. The application to review the ruling on the motion to recuse the District Judge

was refused on the ground that the question presented had become moot since

Following the overruling of the motions to recuse the District Judge and the District Attorney, the court gave consideration to the applicants' motion to quash the subpoena duces tecum. In this motion it was alleged, in substance, that the Metropolitan Crime Commission is a non-profit, non-trading organization subsisting solely on voluntary contributions from individuals, citizens of the City of New Orleans; that the purpose of the Commission is the improvement of law enforcement and administration of justice in the New Orleans area by utilization of research, investigation and disclosure; that its effectiveness in pursuing these objectives is communicating with fellow citizens through the news media; that to order the revelation of the names of its contributors, members or informers would greatly deter such contributors and members from lending their support and hinder the operation of the Commission to such an extent that it would destroy the purposes for which the organization was conceived; and that the activities of the corporation and the individual members thereof are within the area of activities protected by the First Amendment of the United States Constitution. It was further averred that the District Attorney's object, in requesting production of the Commission's documents, records and papers, was not for the purpose of investigating organized crime, but on the contrary, according to the District Attorney's announced intention, he was seeking to destroy the Crime Commission and harass its members and contributors; that the request for a subpoena duces tecum does not contain a reasonably accurate description of the documents, papers, records, et cetera, to be produced, and therefore the request is unreasonable and oppressive; and that, in accordance with the District Attorney's publicly stated intention, the request is in reality an effort by the Grand Jury to investigate movers and ultimately to destroy the Commission.

It appears from the record that, when the motion to quash was entertained for the court's consideration, the Assistant District Attorney, appearing for the Grand Jury, stated that the request for the subpoena duces tecum sought production of two different " * * * things, which are separately enumerated into two paragraphs * * * "; that the first paragraph sought names, addresses and information relative to confidential informants of the Crime Commission, whereas the second paragraph requested the names of the members of

---

we had previously granted a request of the Judge of Section "A" of the Criminal District Court for an indefinite leave of absence from his duties. See In Re: Metropolitan Crime Commission, et als., 251 La. 66, 203 So.2d 86.

The application to review the ruling denying the motion to recuse the District Attorney was denied on the ground that there was no error in the ruling complained of. See In Re: Metropolitan Crime Commission, et als., 251 La. 69, 203 So.2d 87.

and/or contributors to the said Commission. He then pointed out that the application designates three ways in which all matters sought might relate to the investigation, that Sub-paragraph 1 deals only with Paragraph I, and he indicated that Sub-paragraphs 2 and 3 dealt only with the information sought in Paragraph II. The Assistant District Attorney concluded his statement to the court as follows: "I think I would suggest we might sever as to the two requests and submit them one at a time." Whereupon, the court overruled the motion to quash the subpoena duces tecum and ordered Paragraph I of said subpoena " * * * complied with instanta." As to Paragraph II, the judge stated that he reserved his ruling thereon.

The respondents, relators in this Court, take the position that our consideration of the writ comprises the entire subpoena duces tecum and all bases upon which the request for the subpoena duces tecum is founded. They contend, in essence, that a reading of the request for the issuance of the subpoena and the matters, which the Grand Jury suggests the desired documents, papers and records will reveal, demonstrates that the investigation has no relevance to the existence of organized crime, but rather that what is sought is data having for its object the destruction of the Crime Commission and possible prosecution of its officers, members and contributors; that the material demanded comes within the pro-

tection of the First Amendment of the United States Constitution and, further, would or might be used as a basis for criminal charges against the officers, members and contributors of said Commission in violation of the Fifth Amendment of the United States Constitution and Section 11 of Article I of the Louisiana Constitution.

Conversely, the District Attorney and his assistants proclaim that the only matter we have for consideration is Paragraph I of the subpoena duces tecum under which the respondents have been ordered to produce documents or records disclosing or revealing the names and addresses of all informers of the Commission and the amount paid each informer. It is pointed out that, since the Assistant District Attorney severed Paragraph I and Sub-paragraph 1 from Paragraph II and Sub-paragraphs 2 and 3, and the judge reserved his ruling as to Paragraph II of the subpoena, our review is limited to the former insofar as it relates to Sub-paragraph 1, and that we are not concerned with Paragraph II and Sub-paragraphs 2 and 3 which relate to an entirely different subject of investigation.

We, of course, agree that in the exercise of supervisory jurisdiction our consideration is restricted to the matters and things on which the trial judge has ruled, as these are the only matters which presently adversely affect respondents. We also think it clear that the request contained in Para-

graph I for the production of the names, et cetera, of the informers of the Metropolitan Crime Commission refers exclusively to the inquiry of the Grand Jury in its investigation of organized crime in Orleans Parish. It seems evident from the statement contained in Sub-paragraph 1 of the request for a subpoena duces tecum that the Grand Jury has not been satisfied with the disclosures of those members of the Crime Commission who have heretofore given testimony, concerning their special knowledge of information relative to organized crime, and the Grand Jury is now seeking first-hand evidence from the Commission's informers relative to the existence or non-existence of such crime.

Sub-paragraphs 2 and 3 undoubtedly relate, as the District Attorney contends, to Paragraph II. This paragraph contemplates an investigation of the Commission members and its contributors who have allegedly withheld information in their testimony before the Grand Jury for some ulterior motive, financial or otherwise. It is of broad scope and may be regarded as constituting an investigation of the Commission as a body politic in all of its aspects of activity, as contended by respondents. In this respect, such an inquiry might well present the serious constitutional questions which counsel for the respondents argue in their brief, but these matters are not before us at this time, since the judge has not acted on respondents' motion to quash insofar as it relates to Paragraph II of the request for a subpoena duces tecum.

Paragraph I of the subpoena presents no constitutional issue whatever, as the request appears to be confined to the production of documents and records of the names of informers from whom the Crime Commission, its members and agents have received special information regarding the existence of organized crime in the New Orleans area. Nevertheless, we find that the judge erred in not sustaining respondents' motion to quash the material demanded in Paragraph I of the subpoena duces tecum forasmuch as the things requested therein encompass private information, private records and reports which extend over the thirteen years of the Crime Commission's operations and, obviously, include the identity of informers, paid or otherwise, who have not given any information relative to an investigation of organized crime. In other words, the demands contained in Paragraph I are much too general to have warranted the granting of the order by the district judge.

Article 732 of the New Code of Criminal Procedure provides for the issuance of a subpoena duces tecum to a person to produce at a hearing or trial tangible things in his possession or under his control " * * if a reasonably accurate description thereof is given; but the court shall vacate or modify the subpoena if it is unreasonable or oppressive." In the instant matter, the officers of the Crime Commission are ordered

to produce "All documents, papers, records, book, accounts and information * * * which disclose and/or reveal the name and address of any informer * * * including informers being classified as confidential informers and further all records which disclose the informers who were paid for information supplied to the Metropolitan Crime Commission * * * as well as the amount paid to each."

As stated above, the Commission is required by this order to produce the names and records of every informer it may have employed or from whom information was secured during its entire existence, whether or not such informer has given any information relative to the statements or allegations by the members, officers of or contributors to the Crime Commission of the special knowledge of the information such officers, et cetera, allegedly have obtained as to operations of organized crime. Thus, the Grand Jury has in effect thrown out a net in which it seeks without limit to secure private information, even though much of the information sought may not relate in any way to the existence of organized crime. We think the data requested is highly unreasonable and oppressive and hold that the issuance of the subpoena be vacated.

For the reasons assigned, the writ of certiorari heretofore issued is made peremptory, the ruling of the trial court is reversed, and it is now ordered that the request for a subpoena duces tecum contained in Paragraph I of the Grand Jury's pleading be denied.